PER CURIAM.
We have before us a proposed amendment to Rule of Civil Procedure 1.100(c). *58 We approve the recommendation and adopt a modified version of the proposed amendment.
In response to the need for additional and more reliable information required by this Court to formulate requests for the certification of new judges and for court management purposes in general, Chief Justice James E. Alderman created the Court Statistics and Workload Committee, which was composed of chief judges, clerks of the circuit court, and trial court administrators. That committee delivered its initial report on October 31,1984, recommending major changes in the Summary Reporting System (SRS). Among other recommendations, the committee suggested that:
The Supreme Court should adopt a rule requiring attorneys to caption all initial circuit civil pleadings with the appropriate SRS case type designation in order to assist the clerks’ offices in identifying the correct case type for SRS purposes. The rule should provide that pleadings not properly captioned should not be accepted for filing by the clerk except by an order of the Court.
The Committee reasoned that it would be easier and more accurate for the attorneys filing an action to determine the appropriate case type than it would be for non-lawyer clerk personnel. The new reporting procedures were implemented in a few selected circuits on a pilot basis and evaluated. Additionally, we have reviewed the comments of trial judges, lawyers, and other interested parties who responded to the publication of the proposed rule.
Based on these responses, we have modified the proposal presented by the committee and hereby amend Rule of Civil Procedure 1.100(c) as follows:
Rule 1.100. Pleadings and Motions
[[Image here]]
ic) Caption.
(1) Every pleading, motion, order, judgment or other paper shall have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. All papers filed in the action shall be styled in such a manner as to indicate clearly the subject matter of the paper and the party requesting or obtaining relief. *

(2) A civil cover sheet (Form 1.997) shall be completed and filed with the clerk at the time an initial complaint or petition is filed by the party initiating the action. If the cover sheet is not filed, the clerk shall accept the complaint or petition for filing; but all proceedings in the action shall be abated until a properly executed cover sheet is completed and filed. The clerk shall complete the civil cover sheet for a party appearing pro se..

(3) A final disposition form (Form 1.998) shall be filed with the clerk by the prevailing party, at the time of the filing of the order or judgment which disposes of the action. The clerk shall complete the final disposition form for a party appearing pro se, or when the action is dismissed for lack of prosecution pursuant to Rule 1.420(e).

This amendment shall become effective July 1, 1986.
BOYD, C.J., and ADKINS, OVERTON, McDonald, EHRLICH, SHAW and BARKETT, JJ., concur.
*59 Form 1.997
Civil Cover Sheet
The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)
[[Image here]]
Form 1.997
INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable) and the name (last, first, middle initial) of plaintiff(s) and defendants).
*60 II. Type of Case. Place an “X” in the appropriate box. If the cause fits more than one type of case, select the most definitive. Definitions of the cases are provided below.
(A) Simplified Dissolution of Marriage — petitions for the termination of marriage pursuant to Fla.R.Civ.P. 1.611(c).
(B) Dissolution of Marriage — petitions for the termination of marriage other than simplified dissolution.
(C) Support — IV-D—all matters relating to child or spousal support in which an application for assistance has been filed under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage petitions (F.S. 409.245, 409.2564, 409.2571 and 490.2597), paternity, or URESA.
(D) Support — Non IV-D — all matters relating to child or spousal support in which an application for assistance has not been filed under Title IV-D, Social Security Act.
(E) URESA — IV-D—all matters relating to Chapter 88, Florida Statutes in which an application for assistance has been filed under Title IV-D, Social Security Act.
(F) URESA — Non IV-D — all matters relating to Chapter 88, Florida Statutes in which an application for assistance has not been filed under Title IV-D, Social Security Act.
(G) Domestic Violence — all matters relating to injunctions for protection against domestic violence pursuant to F.S. 741.30.
(H) Domestic Relations — all matters involving adoption, paternity, change of name, child custody, separate maintenance, annulment, or other matters not included in categories (A) through (G).
(I) Auto Negligence — all matters arising out of a party’s allegedly negligent operation of a motor vehicle.
(J) Professional Malpractice — all professional malpractice lawsuits.
(K) Products Liability — all matters involving injury to person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
(L) Other Negligence — all actions sounding in negligence, including statutory claims for relief on account of death or injury, not included in categories (G), (H), and (I).
(M) Comdominium — all civil lawsuits pursuant to Chapter 718, Florida Statutes, where a condominium association is a party in the lawsuit.
(N) Eminent Domain — all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions and public service corporations.
(O) Real Property/Mortgage Foreclosure — all matters relating to the possession, title and boundaries of real property. All matters involving foreclosures and sales, including foreclosures associated with condominium associations and condominium units.
(P) Contract and indebtedness — all contract actions relating to promissory notes and other debts, including those arising from the sale of goods. Excludes contract disputes involving condominium associations.
(Q) Other Civil — all civil matters not included in categories (A) through (P).
III. Is Jury Trial Demanded in Complaint? Check the appropriate box to indicate whether or not a jury is being demanded in the complaint.
Date and attorney signature. Date and sign the civil cover sheet.
*61 Form 1.998
Final Disposition Form
This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instruction on the reverse of the form.)
[[Image here]]
*62 Form 1.998
INSTRUCTIONS FOR ATTORNEYS COMPLETING FINAL DISPOSITION FORM
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of judge assigned to the case and the names (last, first, middle initial) of plaintiff(s) and defendant(s).
II. Means of Final Disposition. Place an “x” in the appropriate box. The following are the definitions of the disposition categories.
(A) Dismissed Before Hearing — the case is settled or voluntarily dismissed before a hearing is held;
(B) Dismissed After Hearing — the case is dismissed by a judge, voluntarily dismissed, or settled after a hearing is held;
(C) Disposed by Default — a defendant chooses not to or fails to contest the plaintiffs allegations and a judgment against the defendant is entered by the court;
(D) Disposed by Judge — a judgment or disposition is reached by the judge in a case which is not dismissed and in which no trial has been held. Includes stipulations by the parties, conditional judgments, summary judgment after hearing and any matter in which a judgment is entered excluding cases disposed of by default as in category (c) above;
(E) Disposed by Non-Jury Trial — the case is disposed as a result of a contested trial in which there is no jury and in which the judge determines both the issues of fact and law in the case;
(F) Disposed by Jury Trial — the case is disposed as a result of a jury trial (consider the beginning of a jury trial to be when the jurors and alternates are selected and sworn);
(G) Other — the case is consolidated, submitted to arbitration or mediation, transferred, or otherwise disposed by other means not listed in categories (A) through (F).
DATE AND ATTORNEY SIGNATURE. Date and sign the final disposition form.

 E.g., "Order Denying Plaintiffs Motion for Summary Judgment,” “Defendant’s Motion to Compel,” "Order Denying Defendant’s Motion to Dismiss,” "Final Judgment for Plaintiff,” etc.