15 So.3d 558 (2009)
In re AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE  MANAGEMENT OF CASES INVOLVING COMPLEX LITIGATION.
No. SC08-1141.
Supreme Court of Florida.
May 28, 2009.
Thomas H. Bateman, III, Chair, Task Force on the Management of Cases Involving Complex Litigation, Messer, Caparello and Self, P.A., Tallahassee, FL, for Petitioner.
Marianne Trussell, Chair, Civil Procedure Rules Committee, Tallahassee, Florida and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL; Jennifer Mansfield of Holland and Knight, Jacksonville, FL; Bill Wagner, Tampa, FL; Henry P. Trawick, Jr., Sarasota, FL; Irene G. Plank, Director of Court Services, on behalf of Karen E. Rushing, Clerk of Circuit Court and County Comptroller, Sarasota County, Sarasota, FL; Judge Judith L. Kreeger, and, Judge Sandy Karlan, Eleventh Judicial Circuit, Miami, FL, Judge Hugh E. Starnes, Twentieth Judicial Circuit, Fort Myers, FL, and Judge Raymond Thomas McNeal (Retired), Ocala, FL; Scott L. Rubin, Chair, The Florida Bar Family Law Section, Miami, FL, and Ronald L. Bornstein, Chair, Rules and Forms Committee, The Florida Bar Family Law Section, Boca Raton, FL; Diane M. Kirigin, General Magistrate, South County Judicial Complex, Delray Beach, FL; Salvatore G. Scro of Levin Tannenbaum, Sarasota, FL; Robyn L. Vines, Chair, Family Law Rules Committee, Fort Lauderdale, FL; Responding with Comments.
PARIENTE, J.
The Task Force on the Management of Cases Involving Complex Litigation (Task Force) has submitted proposed amendments to the Florida Rules of Civil Procedure for our consideration. The proposed amendments provide procedures to improve case management of complex civil litigation. We have jurisdiction and adopt the proposed amendments with some modifications, as explained below. See art. V, § 2(a), Fla. Const. In addition to adopting Florida Rule of Civil Procedure 1.201, we also amend Florida Rules of Civil Procedure 1.100, 1.200, 1.440, Forms for Use with Rules of Civil Procedure 1.997 and 1.998, and Florida Family Law Rule of Procedure 12.100, and adopt a new Form for Use with Rules of Civil Procedure 1.999, Florida Family Law Rule of Procedure 12.201, and Florida Supreme Court Approved Family Law Form 12.928.

BACKGROUND
The background for this petition began with the creation of the Task Force, in September 2006, by then Chief Justice R. Fred Lewis, to "study and examine the efficient and effective management of complex litigation, and the resolution of discovery and other pre-trial matters in litigation." As stated in the Administrative Order creating the Task Force, "the fair and efficient resolution of complex litigation requires that the court exercise effective supervision and control, and judge and counsel collaborate to develop and implement a comprehensive plan for the conduct of pre-trial and trial proceedings." See Fla. Admin. Order No. SC06-53 (Fla. Sept. 19, 2006) (citing to the Manual for Complex Litigation).
The Task Force, led admirably by Chair, The Honorable Thomas H. Bateman, III, consisted of twenty members, including judges and lawyers from throughout Florida *559 with experience in handling and managing complex litigation.[1] The Task Force embarked on a review of the existing Florida Rules of Civil Procedure to determine whether rules, systems, or processes should be created or amended to enhance the effective case management of complex litigation.
The Task Force met frequently over an eighteen-month period and conducted a public hearing and panel discussion in Orlando in June 2007. Simultaneously with the appointment of the Task Force, business courts began to emerge in three Florida urban jurisdictions. A hybrid model, comprised of both a complex case and a business court division, was created in a fourth urban jurisdiction. The Task Force spent a considerable amount of time discussing the pros and cons of complex court divisions and business courts. In addition, several administrative issues relating to time standards for civil cases and pending caseloads were identified and discussed at length.
In April 2008, the Task Force submitted its report titled "Supreme Court of Florida's Task Force on the Management of Cases Involving Complex Litigation, Report and Recommendations" (Report) to the Court. The Report contained a series of recommendations, with the centerpiece being a recommendation that the Court adopt a rule of civil procedure specifically designed to govern the case management of complex civil litigation and other related rule and form amendments.[2]
Pursuant to direction from the Court, the Task Force filed, in June 2008, a petition proposing amendments to Florida Rules of Civil Procedure 1.100 (Pleadings and Motions) and 1.200 (Pretrial Procedure) and Forms for Use with Rules of Civil Procedure 1.997 (Civil Cover Sheet) and 1.998 (Final Disposition Form), as well as the adoption of a new rule, rule 1.201 (Complex Litigation), and a new form, *560 form 1.999 (Order Designating a Case Complex).
The proposed amendments were published in The Florida Bar News. The Court specifically asked the Florida Bar Civil Procedure Rules Committee (Civil Rules Committee) and the Family Law Rules Committee (Family Rules Committee) to comment on the proposed amendments. The Court received ten comments, including comments by the rules committees.[3]
We have considered each of the comments, including those of the Civil Rules Committee, which unanimously opposed the adoption of rule 1.201 because of its concern that the proposed rule would "micromanage cases" and would "reduce the trial court's discretionary control over its cases." We have also considered the minority view of one of the Task Force members, Judge Webster, who likewise believed that the rule was unnecessary and that the goals of this new rule could be better achieved through the use of rule 1.200 (Pretrial Procedure).[4]
We have concluded that, although there are other possible solutions to the problem of management of complex civil cases, the adoption of a specific rule of case management for use in cases that require more judicial labor should promote, not frustrate, the efficient and timely disposition of those cases. We take this opportunity to reemphasize the importance of judicial case management of all cases and the charge of Florida Rule of Judicial Administration 2.545, entitled "Case Management," that the "trial judge shall take charge of all cases at an early stage in the litigation and shall control the progress of the case" until its conclusion. (Emphasis added.) We encourage the use of differentiated case management, a term that "refers to an approach where the court conducts early case screening and assigns certain cases to processing tracks based on that assessment." Office of Program Policy Analysis and Government Accountability, Report No. 09-06: Judicial Case Management Practices Vary Throughout State; Better Case Data Needed 4 (2009) [hereinafter OPPAGA Report]. We now proceed to explain the amendments.

THE AMENDMENTS
The new rule 1.201 defines "complex litigation" and identifies the criteria to be considered by trial courts in deciding whether a case merits handling as complex; it also establishes the procedures for raising and deciding the issue. The Task Force, through its Definition Subcommittee, after studying rules in place in other jurisdictions, rejected a "laundry list" approach of identifying case types that would *561 qualify as complex in favor of a more flexible approach that emulates California's definition of complex cases.
The rule is tailored specifically to allow the parties and trial courts to identify, early in the litigation process, those cases needing proactive judicial involvement, the early setting of a trial date, and a specific schedule to which the parties must adhere for the completion of pretrial tasks. The goal is to encourage trial courts to manage their dockets and, with regard to cases designated as complex, provide for uniform case management statewide so as to prevent the situation in which cases requiring more judicial labor create a docketing "logjam." It is hoped that the extra judicial labor required on the front end of the process will be more than made up for by the conservation of judicial labor over the life of the case, resulting in economies of time and money for the courts and the litigants.
Some of the most significant aspects of the rule include the provision for an initial case management conference at which a definite trial date is to be set within twenty-four months and a requirement that lead trial counsel and a client representative attend that conference. The early setting of a definite trial date was deemed to be a key case management technique to avoid cases languishing on dockets for years. Before the initial case management conference, the rule provides for a mandatory meeting of counsel for all parties for the purpose of discussing the issues listed in the rule and preparing a joint statement to be submitted to the court within fourteen days of the scheduled conference. The rule requires the court, following the case management conference, to issue a case management order establishing certain pretrial deadlines. The rule also provides for a final case management conference at least ninety days prior to the previously established trial date, preceded by another meeting of all counsel to discuss and prepare a case status report prior to the conference.
We carefully reviewed the rule, understanding the extensive effort that Task Force members expended in its drafting, and also considered comments by individual attorneys who made constructive suggestions for changes to the rule. Having taken the comments into consideration, we have made several changes, including several stylistic and editorial changes, to the Task Force's proposal.
We highlight those changes made in response to the comments received. First, we added a provision to subdivision (a) of rule 1.201 that allows the parties to stipulate to a case's complexity. The provision will encourage use of the rule in all appropriate circumstances where all the parties agree to be governed by the provisions of the rule.
We also modified subdivision (a) to allow the parties to file a motion to designate an action as complex prior to service on or the filing of an answer by every defendant "subject to a showing to the court why service has not been made on all defendants." This modification addresses the concern that the inability of the plaintiff to serve all parties or the voluntary nonappearance of one or more parties after service has been made should not foreclose designation of complexity in otherwise appropriate cases.
We further added language to clarify that pro se parties are to be included in any conferences or meetings contemplated by the rule. In subdivision (b)(1) we clarified that "submitted to the court" means "filed with the clerk of the court" to avoid potential confusion. Regarding the concern of one of the commentators that (b)(1)(D) needs clarification, we read the requirement to disclose "any non-parties *562 to whom any of the parties will seek to allocate fault," as referring to Fabre defendants. See Fabre v. Marin, 623 So.2d 1182, 1185 (Fla.1993), receded from on other grounds by Wells v. Tallahassee Mem'l Reg'l Med. Ctr., 659 So.2d 249, 251-52 (Fla.1995). Accordingly, we deem any clarification of this subdivision to be unnecessary.
In subdivision (b)(3) we deleted the requirement that counsel provide the court with assurances at the case management conference that the trial date has been discussed with their clients in the event the case is set to be tried before a jury because the client or authorized client representative is required to be in attendance, making the assurance redundant. In addition, we included a provision in subdivision (c) requiring the case management order to include deadlines for the completion of all discovery, not just expert witness depositions, because these deadlines are in conformity with the intent of this rule.
We added a provision to subdivision (d) clarifying that, in accordance with preexisting case law, a party is not precluded from calling impeachment or rebuttal witnesses not identified in the case status report if the need for their testimony could not have been reasonably foreseen at the time the case status report was prepared. However, we anticipate that parties will comply with the underlying intent of the rule, which is to list all witnesses and to avoid any improper tactics associated with late-filing or failure to file the names of all known witnesses.
We deleted the court commentary proposed by the Task Force that encourages the "use of general magistrates, special masters, mediators, arbitrators or other neutrals" who can often "assist the parties and the trial judge with resolving time consuming disputes" and "help expedite the adjudication of contentious discovery issues." We certainly agree with the Task Force's comment about the role of neutral individuals who can assist the court in the resolution of discovery disputes. However, we do not deem it appropriate to include this type of commentary as that of the Court as an addendum to the adoption of this rule.
Further, the Task Force proposed and we adopt form 1.999 (Order Designating a Case Complex), which is to be utilized by circuit courts when designating a case complex, and direct the clerks of court to report to the Office of the State Courts Administrator, along with their Quarterly Pending Caseload Reports, the number of cases designated as complex during the quarter and identifying such cases by case style, number, and court division, beginning with the quarter ending on December 31, 2009. The use of this form will be critical in keeping track of the number of complex cases pending and tracking their status in the trial courts. However, we note that without a uniform statewide judicial case management system, the courts will continue to be hampered in their ability to manage their cases in a meaningful way. See OPPAGA Report at 6-10.
In addition, in response to concerns of the Family Rules Committee and four circuit judges (Judges Kreeger, Karlan, Starnes, and McNeal), we adopt Florida Family Law Rule of Procedure 12.201 to exclude family law cases from application of rule 1.201, the complex litigation rule. We are confident that the Task Force never intended that family cases would be included within the scope of the proposed rule. We likewise amend Florida Family Law Rule of Procedure 12.100 (Pleadings and Motions) to exempt family law cases from the requirement in rule 1.100(c)(3) that parties must file a final disposition form with the clerk if the action is settled without a court order or judgment being *563 entered or if the action is dismissed by the parties.
In accordance with the Task Force proposals, we also amend rule 1.100 (Pleadings and Motions) to require a Final Disposition Form (form 1.998) to be completed when a case settles out of court or is voluntarily dismissed; rule 1.200 (Pretrial Procedure) to refer the reader to rule 1.201 for the factors used in determining whether a case is complex; and form 1.998 (Disposition Form) to require the prevailing party to complete and file the form at the conclusion of a case and adding two additional categories to section II to track final dispositions reached through settlement (the same two categories being added to rule 1.100). We also adopt on our own motion an amendment to rule 1.440 (Setting Action for Trial) to exclude complex litigation cases because rule 1.201 provides its own procedures for setting these cases for trial.
We also address the proposed amendments to form 1.997 (Civil Cover Sheet), which has not been substantially amended in over twenty years. All those parties and commenters agree that the current civil cover sheet is outdated and needs revision.
We approve the Task Force's recommendation to add many more specific case categories and case subcategories to more specifically identify the types of civil cases being filed.[5] Upon our review, which has included reviewing the federal courts' civil cover sheet and the civil cover sheets used in other states, we have modified some of the categories proposed and added others, with accompanying definitions.
We emphasize the new requirement that an attorney or pro se litigant certify the accuracy of the designation of case type and other information contained on the cover sheets, Form 1.997 (Civil Cover Sheet) and Form 12.928 (Family Court Cover Sheet). The information in the civil cover sheet is required for use by the clerks of court for the purpose of reporting the judicial workload data pursuant to section 25.075, Florida Statutes (2008), and the Court relies on this workload data in preparing its certificate of need for additional trial court judges. We believe updating this form, and adopting form 12.928, discussed below, are important steps in obtaining reliable and more accurate case data. Reliable case data is also "critical to efficiently manage circuit caseloads." OPPAGA Report at 8. However, as with our comments regarding the designation of cases as complex, without a uniform statewide case management system, the information contained in the civil cover sheet and family court cover sheet will be of limited usefulness for meaningful and effective case management.
While we remove all family categories from the civil cover sheet, we adopt new Florida Supreme Court Approved Family Law Form 12.928 (Family Court Cover Sheet) which consists of all of the family and juvenile case categories being deleted from form 1.997, as well as new case subcategories to more specifically identify the types of family and juvenile cases being filed. Form 12.928 also requires the plaintiff or petitioner to identify all related cases to promote implementation of the *564 goals of the unified family court. See also Fla. R. Jud. Admin. 2.545(d) (requiring a petitioner in a family case to file a notice of related cases).
We have delayed the date on which the amended Civil Cover Sheet and new Family Court Cover Sheet shall become effective until January 1, 2010, at 12:01 a.m. We direct the clerks of court of all Florida circuit courts to continue reporting case statistics to the Office of the State Courts Administrator for all case categories listed on the current form 1.997 until December 31, 2009. See § 25.075, Fla. Stat. (2008); Fla. R. Jud. Admin. 2.245. Thereafter, commencing with the period beginning January 1, 2010, the clerks of court are to report case statistics to the Office of the State Courts Administrator for all categories and subcategories of cases on form 1.997 (Civil Cover Sheet) and form 12.928 (Family Court Cover Sheet) as shown in the appendix to this opinion.

CONCLUSION
We thank the Task Force on the Management of Cases Involving Complex Litigation for its hard work, diligence, and thorough recommendations. Upon consideration of the Task Force's proposals, the comments filed by interested parties, and the presentations made at oral argument in this case, we adopt amendments to Florida Rules of Civil Procedure 1.100 (Pleadings and Motions), 1.200 (Pretrial Procedure), and 1.440 (Setting Action for Trial), Florida Family Law Rule of Procedure 12.100 (Pleadings and Motions), and Forms for Use with Rules of Civil Procedure 1.997 (Civil Cover Sheet) and 1.998 (Final Disposition Form). We adopt new rules 1.201 (Complex Litigation) and 12.201 (Complex Litigation), form 1.999 (Order Designating A Case Complex), and Florida Supreme Court Approved Family Law Form 12.928 (Family Court Cover Sheet).
Because rules 1.201, 1.440, 12.100, and 12.201 and forms 1.997, 1.998, and 12.928 have been modified from their previously published proposed format or were not published for comment prior to their adoption, we direct that these rules and forms, as shown in the appendix to this opinion, be published in The Florida Bar News. Any interested person may file comments on the rules and forms with this Court within sixty days of the date of this opinion; however, the additional comments shall be limited only to the changes we have made subsequent to the initial publication and should not consist of reargument.[6]
The Florida Rules of Civil Procedure and Florida Family Law Rules of Procedure are hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. New forms 1.999 (in legislative format) and 12.928 (fully engrossed) are adopted as set forth in the appendix to this opinion. The amendments to form 1.997 (Civil Cover Sheet) and new form 12.928 (Family Court Cover Sheet) shall become effective January 1, 2010, at 12:01 a.m. The remainder of *565 the amendments shall become effective immediately.
It is so ordered.
LEWIS, LABARGA, and PERRY, JJ., concur.
LABARGA, J., specially concurs with an opinion.
POLSTON, J., dissents with an opinion, in which QUINCE, C.J., and CANADY, J., concur.
LABARGA, J., specially concurring.
I concur fully in adoption of these important amendments and write only to commend the members of the Task Force on the Management of Cases Involving Complex Litigation, under the leadership of Judge Thomas H. Bateman, III, for their dedication and hard work. The comments of members of the Civil Rules Committee, the Family Law Rules Committee, the Family Law Section of the Florida Bar, a number of circuit court judges, and other individuals were invaluable and carefully considered.
POLSTON, J., dissenting.
The Florida Bar Civil Procedure Rules Committee filed a response in opposition to the proposed rule, stating:
[T]he new complex litigation rule proposed in a petition by the Task Force is unnecessary and places an unduly heavy burden on the time and financial resources of overburdened judges, clerks, and their staffs in a time of unprecedented budget cuts. The Task Force's Report contains no empirical evidence that such a rule is either needed or supported by even a minority of trial judges and lawyers across the state. Significantly, the majority of what the new rule attempts to accomplish can be found, for the most part, in existing Rule 1.200.
The Rules Committee approved this response at its September 12, 2008 meeting by a vote of 42-0. The Rules Committee consists of members from diverse backgrounds and practice areas, representing plaintiffs and defendants, and from private practice and government agencies, as well as judges from across the state. The Florida Bar Board of Governors, by its executive committee, approved the response 8-0.
Judge Peter D. Webster, a Task Force member, filed a minority view also expressing an opinion that the rule is unnecessary.
I am persuaded by the Rules Committee's response and the comments by Judge Webster that we should not adopt the proposed rule; therefore, I respectfully dissent.
QUINCE, C.J., and CANADY, J., concur.

APPENDIX
RULE 1.100. PLEADINGS AND MOTIONS
(a)-(b) [No Change]
(c) Caption.
(1) Every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. All papers filed in the action shall be styled in such a manner as to indicate clearly the subject matter of the paper and the party requesting or obtaining relief.
(2) A civil cover sheet (form 1.997) shall be completed and filed with the clerk at *566 the time an initial complaint or petition is filed by the party initiating the action. If the cover sheet is not filed, the clerk shall accept the complaint or petition for filing; but all proceedings in the action shall be abated until a properly executed cover sheet is completed and filed. The clerk shall complete the civil cover sheet for a party appearing pro se.
(3) A final disposition form (form 1.998) shall be filed with the clerk by the prevailing party at the time of the filing of the order or judgment which disposes of the action. If the action is settled without a court order or judgment being entered, or dismissed by the parties, the plaintiff or petitioner immediately shall file a final disposition form (form 1.998) with the clerk. The clerk shall complete the final disposition form for a party appearing pro se, or when the action is dismissed by court order for lack of prosecution pursuant to rule 1.420(e).
(d) [No Change]

Committee Notes
[No Change]
RULE 1.200. PRETRIAL PROCEDURE
(a) Case Management Conference. At any time after responsive pleadings or motions are due, the court may order, or a party by serving a notice may convene, a case management conference. The matter to be considered shall be specified in the order or notice setting the conference. At such a conference the court may:
(1) schedule or reschedule the service of motions, pleadings, and other papers;
(2) set or reset the time of trials, subject to rule 1.440(c);
(3) coordinate the progress of the action if the complex litigation factors contained in rule 1.201(a)(2)(A)-(a)(2)(H) are present;
(4) limit, schedule, order, or expedite discovery;
(5) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(6) schedule or hear motions in limine;
(7) pursue the possibilities of settlement;
(8) require filing of preliminary stipulations if issues can be narrowed;
(9) consider referring issues to a magistrate for findings of fact; and
(10) schedule other conferences or determine other matters that may aid in the disposition of the action.
(b)-(d) [No Change]

Committee Notes
[No Change]

Court Commentary
[No Change]
RULE 1.201. COMPLEX LITIGATION
(a) Complex Litigation Defined. At any time after all defendants have been served, and an appearance has been entered in response to the complaint by each party or a default entered, any party, or the court on its own motion, may move to declare an action complex. However, any party may move to designate an action complex before all defendants have been served subject to a showing to the court why service has not been made on all defendants. The court shall convene a hearing to determine whether the action requires the use of complex litigation procedures and enter an order within 10 days of the conclusion of the hearing.
(1) A "complex action" is one that is likely to involve complicated legal or case management issues and that may require extensive judicial management to expedite *567 the action, keep costs reasonable, or promote judicial efficiency.
(2) In deciding whether an action is complex, the court must consider whether the action is likely to involve:
(A) numerous pretrial motions raising difficult or novel legal issues or legal issues that are inextricably intertwined that will be time-consuming to resolve;
(B) management of a large number of separately represented parties;
(C) coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court;
(D) pretrial management of a large number of witnesses or a substantial amount of documentary evidence;
(E) substantial time required to complete the trial;
(F) management at trial of a large number of experts, witnesses, attorneys, or exhibits;
(G) substantial post-judgment judicial supervision; and
(H) any other analytical factors identified by the court or a party that tend to complicate comparable actions and which are likely to arise in the context of the instant action.
(3) If all of the parties, pro se or through counsel, sign and file with the clerk of the court a written stipulation to the fact that an action is complex and identifying the factors in (2)(A) through (2)(H) above that apply, the court shall enter an order designating the action as complex without a hearing.
(b) Initial Case Management Report and Conference. The court shall hold an initial case management conference within 60 days from the date of the order declaring the action complex.
(1) At least 20 days prior to the date of the initial case management conference, attorneys for the parties as well as any parties appearing pro se shall confer and prepare a joint statement, which shall be filed with the clerk of the court no later than 14 days before the conference, outlining a discovery plan and stating:
(A) a brief factual statement of the action, which includes the claims and defenses;
(B) a brief statement on the theory of damages by any party seeking affirmative relief;
(C) the likelihood of settlement;
(D) the likelihood of appearance in the action of additional parties and identification of any nonparties to whom any of the parties will seek to allocate fault;
(E) the proposed limits on the time: (i) to join other parties and to amend the pleadings, (ii) to file and hear motions, (iii) to identify any nonparties whose identity is known, or otherwise describe as specifically as practicable any nonparties whose identity is not known, (iv) to disclose expert witnesses, and (v) to complete discovery;
(F) the names of the attorneys responsible for handling the action;
(G) the necessity for a protective order to facilitate discovery;
(H) proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment;
(I) the possibility of obtaining admissions of fact and voluntary exchange of documents and electronically stored information, stipulations regarding authenticity *568 of documents, electronically stored information, and the need for advance rulings from the court on admissibility of evidence;
(J) suggestions on the advisability and timing of referring matters to a magistrate, master, other neutral, or mediation;
(K) a preliminary estimate of the time required for trial;
(L) requested date or dates for conferences before trial, a final pretrial conference, and trial;
(M) a description of pertinent documents and a list of fact witnesses the parties believe to be relevant;
(N) number of experts and fields of expertise; and
(O) any other information that might be helpful to the court in setting further conferences and the trial date.
(2) Lead trial counsel and a client representative shall attend the initial case management conference.
(3) Notwithstanding rule 1.440, at the initial case management conference, the court will set the trial date or dates no sooner than 6 months and no later than 24 months from the date of the conference unless good cause is shown for an earlier or later setting. The trial date or dates shall be on a docket having sufficient time within which to try the action and, when feasible, for a date or dates certain. The trial date shall be set after consultation with counsel and in the presence of all clients or authorized client representatives. The court shall, no later than 2 months prior to the date scheduled for jury selection, arrange for a sufficient number of available jurors. Continuance of the trial of a complex action should rarely be granted and then only upon good cause shown.
(c) The Case Management Order. The case management order shall address each matter set forth under rule 1.200(a) and set the action for a pretrial conference and trial. The case management order also shall specify the following:
(1) Dates by which all parties shall name their expert witnesses and provide the expert information required by rule 1.280(b)(4). If a party has named an expert witness in a field in which any other parties have not identified experts, the other parties may name experts in that field within 30 days thereafter. No additional experts may be named unless good cause is shown.
(2) Not more than 10 days after the date set for naming experts, the parties shall meet and schedule dates for deposition of experts and all other witnesses not yet deposed. At the time of the meeting each party is responsible for having secured three confirmed dates for its expert witnesses. In the event the parties cannot agree on a discovery deposition schedule, the court, upon motion, shall set the schedule. Any party may file the completed discovery deposition schedule agreed upon or entered by the court. Once filed, the deposition dates in the schedule shall not be altered without consent of all parties or upon order of the court. Failure to comply with the discovery schedule may result in sanctions in accordance with rule 1.380.
(3) Dates by which all parties are to complete all other discovery.
(4) The court shall schedule periodic case management conferences and hearings on lengthy motions at reasonable intervals based on the particular needs of the action. The attorneys for the parties as well as any parties appearing pro se shall confer no later than 15 days prior to each case management conference or hearing. They shall notify the court at least 10 days prior to any case management conference or hearing if the parties stipulate that a case management conference or hearing *569 time is unnecessary. Failure to timely notify the court that a case management conference or hearing time is unnecessary may result in sanctions.
(5) The case management order may include a briefing schedule setting forth a time period within which to file briefs or memoranda, responses, and reply briefs or memoranda, prior to the court considering such matters.
(6) A deadline for conducting alternative dispute resolution.
(d) Final Case Management Conference. The court shall schedule a final case management conference not less than 90 days prior to the date the case is set for trial. At least 10 days prior to the final case management conference the parties shall confer to prepare a case status report, which shall be filed with the clerk of the court either prior to or at the time of the final case management conference. The status report shall contain in separately numbered paragraphs:
(1) A list of all pending motions requiring action by the court and the date those motions are set for hearing.
(2) Any change regarding the estimated trial time.
(3) The names of the attorneys who will try the case.
(4) A list of the names and addresses of all non-expert witnesses (including impeachment and rebuttal witnesses) intended to be called at trial. However, impeachment or rebuttal witnesses not identified in the case status report may be allowed to testify if the need for their testimony could not have been reasonably foreseen at the time the case status report was prepared.
(5) A list of all exhibits intended to be offered at trial.
(6) Certification that copies of witness and exhibit lists will be filed with the clerk of the court at least 48 hours prior to the date and time of the final case management conference.
(7) A deadline for the filing of amended lists of witnesses and exhibits, which amendments shall be allowed only upon motion and for good cause shown.
(8) Any other matters which could impact the timely and effective trial of the action.
RULE 1.440. Setting Action for Trial
(a)-(c) [No Change]
(d) Applicability. This rule does not apply to actions to which chapter 51, Florida Statutes (1967), applies or to cases designated as complex pursuant to rule 1.201.

Committee Notes
[No Change]
Court Commentary
[No Change]
Form 1.997 Civil Cover Sheet
The civil cover sheet and the information contained herein neither replace nor supplement the filing and
service of pleadings or other papers as required by law. This form is required shall be filed by the
plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data
pursuant to Florida Statutes section 25.075. (See instructions on the reverse of the form for completion).
-----------------------------------------------------------------------------------------------------------------------------
I. CASE STYLE
*570
 (Name of Court) ___________
 Plaintiff __________ Case #: __________
 __________ Judge: ___________
 vs.
 Defendant _________
 _________
-----------------------------------------------------------------------------------------------
II. TYPE OF CASE (Place an x in one box only. If the case fits more than one type of case, select
 the most definitive category.) If the most descriptive label is a subcategory (is indented under a
 broader category), place an x in both the main category and subcategory boxes.
---------------------------------------------------------------------------------------------------------
 Domestic Relations Torts Other Civil
-------------------------------------------------------------------------------------------
[] Simplified dissolution [] Professional [] Contracts
[] Dissolution malpractice [] Condominium
[] Support IV D [] Products liability [] Real property/ Mortgage
[] Support Non IV D [] Auto negligence foreclosure
[] UIFSA IV D [] Other negligence [] Eminent domain
[] UIFSA Non IV D [] Challenge to proposed
[] Domestic violence constitutional amendment
[] Other domestic relations [] Other
 [] Condominium [] Professional malpractice
 [] Contracts and indebtedness [] Malpracticebusiness
 [] Eminent domain [] Malpracticemedical
 [] Auto negligence [] Malpracticeother professional
 [] Negligenceother [] Other
 [] Business governance [] Antitrust/Trade regulation
 [] Business torts [] Business transactions
 [] Environmental/Toxic tort [] Constitutional challengestatute or
 [] Third party indemnification ordinance
 [] Construction defect [] Constitutional challengeproposed
 [] Mass tort amendment
 [] Negligent security [] Corporate trusts
 [] Nursing home negligence [] Discriminationemployment or other
 [] Premises liabilitycommercial [] Insurance claims
 [] Premises liabilityresidential [] Intellectual property
 [] Products liability [] Libel/Slander
 [] Real property/Mortgage foreclosure [] Shareholder derivative action
 [] Commercial foreclosure [] Securities litigation
 [] Residential foreclosure [] Trade secrets
 [] Other real property actions
---------------------------------------------------------------------------------------
III. REMEDIES SOUGHT (check all that apply):
 [] monetary;
 [] nonmonetary declaratory or injunctive relief;
 [] punitive
 IV. NUMBER OF CAUSES OF ACTION: [ ]
 (specify)---------------------------------------------------------------
*571
V. IS THIS CASE A CLASS ACTION LAWSUIT?
 [] yes
 [] no
VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
 [] no
 [] yes If "yes," list all related cases by name, case number, and court.
VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
 [] yes
 [] no
--------------------------------------------------------------------------------
Date: ______________ SIGNATURE OF ATTORNEY FOR PARTY
 INITIATING ACTION
I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my
knowledge and belief.
Signature_________________________Fla. Bar #__________________
 Attorney or party (Bar # if attorney)
--------------------------------------------------------------------------------------------
(type or print name) Date
FORM 1.997. INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET
Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Family Court Cover Sheet, Florida Supreme Court Approved Family Law Form 12.928. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).
II. Type of Case. Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" in the category and subcategory boxes. Definitions of the cases are provided below in the order they appear on the form.
(A) Simplified Dissolution of Marriage petitions for the termination of marriage pursuant to Fla.Fam.L.R.P.12.105.
(B) Dissolution of Marriagepetitions for the termination of marriage other than simplified dissolution.
(C) Support-IV-Dall matters relating to child or spousal support in which an application for assistance has been filed under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage petitions (sections 409.2564, *572 409.2571, and 409.2597, Florida Statutes), paternity, or UIFSA.
(D) SupportNon IV-Dall matters relating to child or spousal support in which an application for assistance has not been filed under Title IV-D, Social Security Act.
(E) UIFSA-IV-D  all matters relating to Chapter 88, Florida Statutes in which an application for assistance has been filed under Title IV-D, Social Security Act.
(F) UIFSA-Non IV-D  all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has not been filed under Title IV-D, Social Security Act.
(G) Domestic Violenceall matters relating to injunctions for protection against domestic violence pursuant to section 741.30, Florida Statutes.
(H) Domestic Relationsall matters involving adoption, paternity, change of name, child custody, separate maintenance, annulment, or other matters not included in categories (A) through (G).
(I) Auto Negligenceall matters arising out of a party's allegedly negligent operation of a motor vehicle.
(J) Professional Malpracticeall professional malpractice lawsuits.
(K) Products Liabilityall matters involving injury to person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
(L) Other Negligenceall actions sounding in negligence, including statutory claims for relief on account of death or injury, not included in categories (I), (J), and (K).
(M) Condominiumall civil lawsuits pursuant to Chapter 718, Florida Statutes, where a condominium association is a party in the lawsuit.
(N) Eminent Domainall matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, and public service corporations.
(O) Real Property/Mortgage Foreclosure  all matters relating to the possession, title, and boundaries of real property. All matters involving foreclosures and sales, including foreclosures associated with condominium associations and condominium units.
(P) Contract and indebtednessall contract actions relating to promissory notes and other debts, including those arising from the sale of goods. Excludes contract disputes involving condominium associations.
(Q) Challenge to proposed constitutional amendmenta challenge to a legislatively initiated proposed constitutional amendment. Excludes challenges to citizen-initiated proposed constitutional amendments, because the Florida Supreme Court has direct jurisdiction of such challenges.
(R) Other Civilall civil matters not included in categories (A) through (Q).
III. Is Jury Trial Demanded In Complaint? Check the appropriate box to indicate whether a jury is being demanded in the complaint.
DATE AND ATTORNEY SIGNATURE. Date and sign the civil cover sheet.
Condominiumall civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.
Contracts and indebtednessall contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.
Eminent domainall matters relating to the taking of private property for public *573 use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.
Auto negligenceall matters arising out of a party's allegedly negligent operation of a motor vehicle.
Negligenceotherall actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.
Business governanceall matters relating to the management, administration, or control of a company.
Business tortsall matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.
Environmental/Toxic tortall matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.
Third party indemnificationall matters relating to liability transferred to a third party in a financial relationship.
Construction defectall civil lawsuits pursuant to Chapter 558, Florida Statutes, in which damage or injury was allegedly caused by a failure to follow acceptable construction trade standards.
Mass tortall matters relating to a civil action involving numerous plaintiffs against one or more defendants.
Negligent securityall matters involving injury to a person or property allegedly resulting from insufficient security.
Nursing home negligenceall matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.
Premises liabilitycommercialall matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.
Premises liabilityresidentialall matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.
Products liabilityall matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
Real property/Mortgage foreclosureall matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.
Commercial foreclosureall matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property.
Residential foreclosureall matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property.
Other real property actionsall matters relating to land, land improvements, or property rights.
Professional malpracticeall professional malpractice lawsuits.
Malpracticebusinessall matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.
Malpracticemedicalall matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.
*574 Malpracticeother professionalall matters relating to negligence of those other than medical or business professionals.
Otherall civil matters not included in other categories.
Antitrust/Trade regulationall matters relating to unfair methods of competition or unfair or deceptive business acts or practices.
Business transactionsall matters relating to actions that affect financial or economic interests.
Constitutional challengestatute or ordinance a challenge to a statute or ordinance, citing a violation of the Florida Constitution.
Constitutional challengeproposed amendmenta challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.
Corporate trustsall matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.
Discriminationemployment or otherall matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.
Insurance claimsall matters relating to claims filed with an insurance company.
Intellectual propertyall matters relating to intangible rights protecting commercially valuable products of the human intellect. Libel/Slanderall matters relating to written, visual, oral, or aural defamation of character.
Shareholder derivative actionall matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.
Securities litigationall matters relating to the financial interest or instruments of a company or corporation.
Trade secretsall matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.
III. Remedies Sought. Place an "X" in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.
IV. Number of Causes of Action. If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.
V. Class Action. Place an "X" in the appropriate box.
VI. Related Cases. Place an "X" in the appropriate box.
VII. Is Jury Trial Demanded In Complaint? Check the appropriate box to indicate whether a jury trial is being demanded in the complaint
ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet.
FORM 1.998. FINAL DISPOSITION FORM
This form is requiredshall be filed by the prevailing party for the use of the Clerk of Court for the
purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions
on the reverse of the form.)
*575
--------------------------------------------------------------------
I. CASE STYLE
 (Name of Court)____________
Plaintiff ____________ Case #: _____________
 ____________ Judge: _______________
 ____________
vs
Defendant _____________
 _____________
 _____________
-----------------------------------------------------------------------------
II. MEANS OF FINAL DISPOSITION (Place an "x" in one box only)
[] Dismissed Before Hearing
[] Dismissed After Hearing
[] Disposed by Default
[] Disposed by Judge
[] Disposed by Non-jury Trial
[] Disposed by Jury Trial
[] Dismissed Pursuant to Settlement
[] Dismissed Pursuant to Mediated Settlement
[] Other
_____________________________________________________________________________
DATE __________ SIGNATURE OF ATTORNEY FOR PREVAILING PARTY

INSTRUCTIONS FOR ATTORNEYS COMPLETING FINAL DISPOSITION FORM
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned to the case and the names (last, first, middle initial) of plaintiff(s) and defendant(s).
II. Means of Final Disposition. Place an "x" in the appropriate box. The following are the definitions of the disposition categories.
(A) Dismissed Before Hearingthe case is settled or voluntarily dismissed before a hearing is held;
(B) Dismissed After Hearingthe case is dismissed by a judge, voluntarily dismissed, or settled after a hearing is held;
(C) Disposed by Defaulta defendant chooses not to or fails to contest the plaintiff's allegations and a judgment against the defendant is entered by the court;
(D) Disposed by Judgea judgment or disposition is reached by the judge in a case whichthat is not dismissed and in which no trial has been held. Includes stipulations by the parties, conditional judgments, summary judgment after hearing, and any matter in which a judgment is entered excluding cases disposed of by default as in category (c) above;
(E) Disposed by Non-Jury Trialthe case is disposed as a result of a contested trial in which there is no jury and in which the judge determines both the issues of fact and law in the case;
(F) Disposed by Jury Trialthe case is disposed as a result of a jury trial (consider the beginning of a jury trial to be when *576 the jurors and alternates are selected and sworn);
(G) Dismissal Pursuant to Settlement the case is voluntarily dismissed by the plaintiff after a settlement is reached without mediation;
(H) Dismissal Pursuant to Mediated Settlementthe case is voluntarily dismissed by the plaintiff after a settlement is reached with mediation;
(GI) Otherthe case is consolidated, submitted to arbitration or mediation, transferred, or otherwise disposed by other means not listed in categories (A) through (F)(H).
DATE AND ATTORNEY SIGNATURE. Date and sign the final disposition form.
FORM 1.999. ORDER DESIGNATING A CASE COMPLEX. This form order is for designating a
case complex under rule 1.201 and directing the clerk of court to update the court's records and to report
the case activity to the Supreme Court.
 ORDER DESIGNATING CASE A "COMPLEX CASE"
 DIRECTIONS TO THE CLERK OF COURT
THIS CAUSE was considered on [the court's own motion] [the motion of a party] to designate this case
a "complex case" as defined in rule 1.201, Fla. R. Civ. P. Being fully advised in the circumstances, the
court determines that the case meets the criteria for proceeding under the rule and designates it as a
"complex case."
The clerk of the court shall designate this case a "complex case," update the court's records
accordingly, and report such designation and the case activity to the Supreme Court pursuant to section
25.075 Fla. Stat. and rule 2.245(a), Fla. R. Jud. Admin.
 DONE AND ORDERED at _____________, ___________ County, Florida, on _______________.
 _________________________
 Judge
RULE 12.100 PLEADINGS AND MOTIONS
Pleadings and motions shall be governed by Florida Rule of Civil Procedure 1.100, except that the requirement in rule 1.100(c)(3) that parties file a final disposition form with the clerk if the action is settled without a court order or judgment being entered or if the action is dismissed by the parties, shall not apply to proceedings governed by these rules.

Commentary
[No change]
RULE 12.201. COMPLEX LITIGATION
Florida Rule of Civil Procedure 1.201 shall not apply in proceedings governed by these rules.

Florida Supreme Court Approved Family Law Form 12.928

Family Court Cover Sheet (01/10)
The Family Court Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form shall be filed by the petitioner for the use of the clerk of court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. The petitioner must file this cover sheet with first paperwork filed in the action or proceeding for all domestic and juvenile cases.
I. Case Style. Enter the name of the court, the appropriate case number assigned *577 at the time of filing of the original petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of petitioner(s) and respondent(s).
II. Type of Action/Proceeding. Place a check in the appropriate box beside the proceeding you are initiating. If you are simultaneously filing more than one type of proceeding against the same opposing party, such as a modification and an enforcement proceeding, complete a separate coversheet for each action being filed.
(A) Initial Action/Petition
(B) Reopening Case. If you check "Reopening Case," indicate whether you are filing a modification or supplemental petition or an action for enforcement by checking the appropriate box.
(C) Modification/Supplemental Petition
(D) Petition Enforcement
III. Type of Case. Place a check in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place a check in the category and subcategory boxes. Definitions of the categories and subcategories are provided below.
(A) Simplified Dissolution of Marriage-petitions for the termination of marriage pursuant to Florida Family Law Rule of Procedure 12.105.
(B) Dissolution of Marriagepetitions for the termination of marriage pursuant to Chapter 61, Florida Statutes, other than simplified dissolution.
(C) Domestic Violenceall matters relating to injunctions for protection against domestic violence pursuant to section 741.30, Florida Statutes.
(D) Dating Violenceall matters relating to injunctions for protection against dating violence pursuant to section 784.046, Florida Statutes. If you check this subcategory, you should also check "Domestic violence."
(E) Repeat Violenceall matters relating to injunctions for protection against repeat violence pursuant to section 784.046, Florida Statutes. If you check this subcategory, you should also check "Domestic violence."
(F) Sexual Violenceall matters relating to injunctions for protection against sexual violence pursuant to section 784.046, Florida Statutes. If you check this subcategory, you should also check "Domestic violence."
(G) Support-IV-Dall matters relating to child or spousal support in which an application for assistance has been filed under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage petitions (sections 409.2564, 409.2571, and 409.2597, Florida Statutes), paternity, or UIFSA.
(H) Support-Non IV-Dall matters relating to child or spousal support in which an application for assistance has not been filed under Title IV-D, Social Security Act.
(I) UIFSA-IV-Dall matters relating to Chapter 88, Florida Statutes, in which an application for assistance has been filed under Title IV-D, Social Security Act.
(J) UIFSA-Non IV-Dall matters relating to Chapter 88, Florida Statutes, in which an application for assistance *578 has not been filed under Title IV-D, Social Security Act.
(K) Otherall matters involving time-sharing and/or parenting plans relating to minor child(ren), adoption, juvenile dependency, juvenile delinquency, name change, paternity, separate maintenance, annulment, truancy, CINS/FINS, emancipation, declaratory judgment actions related to premarital, marital, or post-marital agreements, or other matters not included in the categories above.
(L) Adoptionall matters relating to adoption pursuant to Chapter 63, Florida Statutes. If you check this subcategory, you should also check "Other."
(M) Juvenile Delinquencyall matters relating to juvenile delinquency pursuant to Chapter 985, Florida Statutes. If you check this subcategory, you should also check "Other."
(N) Juvenile Dependencyall matters relating to juvenile dependency and termination of parental rights pursuant to Chapter 39, Florida Statutes. If you check this subcategory, you should also check "Other."
(O) Name Changeall matters relating to name change, pursuant to section 68.07, Florida Statutes. If you check this subcategory, you should also check "Other."
(P) Paternityall matters relating to paternity pursuant to Chapter 742, Florida Statutes. If you check this subcategory, you should also check "Other."
ATTORNEY OR PARTY SIGNATURE. Sign the family court cover sheet. Print legibly the name of the person signing the family court cover sheet. Attorneys must include a Florida Bar number. Insert the date the family court cover sheet is signed. Signature is a certification that filer has provided accurate information on the family court cover sheet.
 Family Court Cover Sheet
I. Case Style
 IN THE CIRCUIT COURT OF THE ____________JUDICIAL CIRCUIT,
 IN AND FOR ___________ COUNTY, FLORIDA
_____________________________
Petitioner Case No.: _____________
 Judge: _______________
_________________________________________
and
______________________________________
Respondent
II. Type of Action/Proceeding. Place a check in the appropriate box beside the proceeding you are
 initiating. If you are simultaneously filing more than one type of proceeding against the same
 opposing party, such as a modification and an enforcement proceeding, complete a separate cover
 sheet for each action being filed. If you are reopening a case, check that box and one of the
 two boxes below it.
 [] Initial Action/Petition
 [] Reopening Case
 [] Modification/Supplemental Petition
 [] Petition Enforcement
*579
III. Type of Case. If the case fits more than one type of case, select the most definitive. If the most
 definitive label is a subcategory (indented under a broader category label), place a check in
 the category and subcategory boxes.
 [] Simplified dissolution [] UIFSA Non-IV-D
 [] Dissolution [] Other
 [] Domestic violence [] Adoption under Chapter 63
 [] Dating Violence [] Juvenile Delinquency
 [] Repeat Violence [] Juvenile Dependency
 [] Sexual Violence under Chapter 39
 [] Support IV-D [] Name Change
 [] Support Non-IV-D [] Paternity
 [] UIFSA IV-D
IV. Has notice of any known related case, Family Law Form 12.900(h), been filed?
 [] No.
 [] Yes. If "Yes," list all related cases by name, case number, and court.
 _______________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
ATTORNEY OR PARTY SIGNATURE
 I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my
knowledge and belief.
 Signature _____________ FL Bar No.: _______________
 Attorney or party (Bar number, if attorney)
 _____________ ___________________
 (Type or print name) Date
NOTES
[1] The other members of the Task Force were The Honorable Thomas M. Lynch, IV, Vice Chair and Circuit Judge, Seventeenth Judicial Circuit; Theodore Babbitt, West Palm Beach; Mitchell Berger, Berger Singerman, Fort Lauderdale; Anthony J. Carriuolo, Berger Singerman, Fort Lauderdale; Gene Cavallucci, Vice President and General Counsel, Harris Corporation, Melbourne; Philip Freidin, Freidin & Dobrinsky, P.A., Miami; Charles J. Grimsley, General Counsel, United Automobile Insurance Group, North Miami Beach; Merrick L. Gross, Akerman Senterfitt, Miami; Greg Holland, General Counsel, MPS Group, Inc., Jacksonville; The Honorable Edward C. LaRose, Appellate Judge, Second District Court of Appeal; Jason Murray, Carlton, Fields, P.A., Miami; Stephen E. Nagin, Miami; The Honorable James E.C. Perry, Justice, Florida Supreme Court (then Circuit Judge, Eighteenth Judicial Circuit); The Honorable Victoria Platzer, Circuit Judge, Eleventh Judicial Circuit; The Honorable Renee A. Roche, Circuit Judge, Ninth Judicial Circuit; Neal Roth, Grossman Roth Olin Meadow, Miami; Harvey Ruvin, Clerk of Court, Dade County; Maria A. Santoro, George, Hartz and Lundeen, Tallahassee; and The Honorable Peter D. Webster, Appellate Judge, First District Court of Appeal.
[2] Other significant recommendations, which the Court is unable to address in a rules case, but which are also extremely significant to the fair, efficient, and effective administration of justice, include several important recommendations related to technology-specifically, e-discovery, electronic data retrieval, e-filing, and a unified statewide case management system. These are: (1) to "develop sound principles for e-discovery practices as statewide court technology systems become upgraded to accommodate electronic filing, indexing, retrieval, storage, etc."; (2) "to strongly encourage and support pursuit of an electronic data system that empowers the courts and their users to access electronic data"; (3) to create an implementation plan to address e-filing and requiring that a "single portal for the submission of electronic court records be developed and implemented"; and (4) to "continue to pursue a unified statewide case management system."
[3] The others who filed comments were: the Family Law Section of The Florida Bar; The Honorable Diane M. Kirigin, General Magistrate, Delray Beach; The Honorable Karen E. Rushing, Clerk of the Circuit Court and County Comptroller, Sarasota County; The Honorable Judith L. Kreeger (Circuit Judge, Eleventh Judicial Circuit), The Honorable Sandy Karlan (Circuit Judge, Eleventh Judicial Circuit), The Honorable Hugh E. Starnes (Circuit Judge, Twentieth Judicial Circuit), and The Honorable Raymond Thomas McNeal (Circuit Judge, retired), filing jointly; Henry P. Trawick, Jr., an attorney and former member of the Civil Rules Committee; Levin Tannenbaum, a law firm in Sarasota; and Bill Wagner, an attorney in Tampa.
[4] Judge Webster also opposed the creation of complex litigation divisions because, in his view, such divisions have the potential of "skimming the cream from the top of our available judicial labor pool" and creating the "impression that some litigants are getting more justice from the system than are others." By our adoption of the rule, we express no view on the wisdom of individual circuits assigning judges to complex litigation divisions within the civil division.
[5] The form was first adopted in 1986. See Fla. Bar re Amendment to Rules of Civil Pro. Rule 1.100(c) (Caption of Pleadings), 488 So.2d 57 (Fla. 1986). It was amended to change the citation to certain rules in the instructions for the form in 1996 and again, in 2005, to add one new category: "Challenge to proposed constitutional amendment." See In re Amendments to Fla. Rules of Civil Pro. (Two Year Cycle), 917 So.2d 176, 188 (Fla. 2005); In re Amendments to Fla. Rules of Civil Pro., 682 So.2d 105, 142-43 (Fla.1996).
[6] An original and nine paper copies of all comments must be filed with the Court on or before July 27, 2009, with a certificate of service verifying that a copy has been served on the Chair of the Task Force on the Management of Litigation in Complex Cases, Thomas H. Bateman III, Messer, Caparello & Self, P.A., 2618 Centennial Place, Post Office Box 15579, Tallahassee, Florida XXXXX-XXXX. The Task Force Chair has until August 17, 2009, to file a response to any comments filed with the Court. Electronic copies of all comments also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Admin. Order No. SC04-84 (Fla. Sept. 13, 2004).